**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| NOU XIONG, next friend for V.L.; V.L., on their own behalf and on behalf of others similarly situated,<br><br>                  Petitioner-Plaintiff,<br><br>                  vs.<br><br>COLONEL ALAN P. BORJA, in his official capacity as Warden of the Guam Department of Corrections, Hagåtña Detention Facility; SERGIO ALBARRAN, in his official capacity as Field Office Director of U.S. Immigration and Customs Enforcement;[1] and DOES 1-10,<br><br>                  Respondents-Defendants. | CIVIL CASE NO. 25-00026<br><br>**ORDER DENYING EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER (ECF NO. 6), DENYING MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL (ECF NO. 7), DISMISSING CASE WITH PREJUDICE, AND DENYING AS PREMATURE MOTION FOR STAY PENDING APPEAL (ECF NO. 21)** |

Before the court are Petitioner's Emergency Application for a Temporary Restraining Order ("TRO Application"), ECF No. 6, and Motion for Class Certification and Appointment of Class Counsel ("Motion for Class Certification"), ECF No. 7. Also before the court is Petitioner's Motion for Stay Pending Appeal ("Motion for Stay"). ECF No. 21. For the reasons

---

[1] At the June 7, 2025 hearing, counsel for Stephen Green and Ken Sherman informed the court that Sergio Albarran is the new U.S. Immigration and Customs Enforcement Field Office Director overseeing Guam. As such, Mr. Albarran is substituted under Federal Rule of Civil Procedure 25(d). Filings made on behalf of Mr. Green and Mr. Sherman before this substitution are referred to as those of Respondent Albarran throughout this Order.

1

stated herein, the court hereby **DENIES** the TRO Application and Motion for Class Certification. The court further **DISMISSES** the case with prejudice and **DENIES** the Motion for Stay as premature.

I. Background[2]

V.L. is a Hmong man who immigrated to the United States as a child. Am. Pet. at 3, ECF No. 5. He is currently incarcerated at the Guam Department of Corrections in Hagåtña, Guam. *Id.* at 2. Before his transfer to Guam, Petitioner was initially detained in Oklahoma and transferred to facilities in Texas. *Id.* Around May 25, 2025, Petitioner was removed from Texas, transported to Honolulu, Hawaii, and then brought to Guam. *Id.* at 2-3. Unlike the other detainees transported to Guam with Petitioner, he was left on Guam while the others were removed to Laos. *Id.*

On June 1, 2025, Petitioner Nou Xiong, as next friend for V.L., and V.L., individually and on behalf of others similarly situated, (collectively, "Petitioner") filed a Petition for Writ of Habeas Corpus and Class Action Complaint for Declaratory and Injunctive Relief in this court. Pet., ECF No. 1. Therein, Petitioner challenges V.L.'s detention and removal under the Alien Enemies Act ("AEA"), 50 U.S.C. § 21 et seq., as invoked by Presidential Proclamation No. 10903, 90 Fed. Reg. 13033 (Mar. 14, 2025), and further asserts twenty claims for relief in a class action complaint. *See* Am. Pet., ECF No. 5. Petitioner filed the First Amended Petition for Writ of Habeas Corpus and Class Action Complaint for Declaratory and Injunctive Relief (the "Amended Petition"), on June 2, 2025, followed by the TRO Application and Motion for Class Certification. ECF Nos. 5, 6, 7. The contentions in the Amended Petition remain largely the same. *Compare* Am. Pet., ECF No. 5, *with* Pet., ECF No. 1. The TRO Application seeks to temporarily enjoin V.L.'s removal under the AEA, and the Motion for Class Certification seeks

---

[2] Page citations throughout this Order refer to CM/ECF-generated page numbers.

to certify a class of similarly situated individuals who are detained in the District of Guam and are at risk of removal under the AEA. *See* ECF Nos. 6, 7.

Upon reviewing the petitions and accompanying motions, the court ordered an expedited briefing schedule on Petitioner's requested relief and set a hearing on the motions for June 5, 2025. *See* Order, ECF No. 8. The court further ordered that Respondents ensure Petitioner was not removed from the United States or the District of Guam without advance notice. *Id.* On June 3, 2025, Respondent Albarran moved to extend the briefing schedule and to continue the scheduled hearing. Mot., ECF No. 11. The court granted this request, set the continued hearing for June 7, 2025, and extended the prior order to not remove Petitioner from the United States or the District of Guam without advance notice. Order, ECF No. 12. Respondent Albarran filed oppositions to the pending motions on June 5, 2025,[3] appending evidence of Petitioner's order of removal and subsequent notice under the Immigration and Nationality Act ("INA"), and Petitioner replied on June 6, 2025. ECF Nos. 16, 17, 18.

The court heard the parties on June 7, 2025, where Joshua Schroeder and Vanessa Williams appeared for Petitioner, Jessica Cruz on behalf of Respondent Albarran, and William Lyle Stamps on behalf of Respondent Borja. At the conclusion of the hearing, the court indicated that it was inclined to deny the TRO Application and Motion for Class Certification for lack of jurisdiction, but that it would take the matter under advisement and issue an order thereafter. *See* Mins, ECF No. 20. After the hearing, Petitioner filed the Motion for Stay seeking to stay this court's judgment pending appeal by extending the court's June 2, 2025 Order to ensure that V.L. is not removed from the United States or the District of Guam. Mot., ECF No. 21. Respondents filed an opposition on June 9, 2025, as directed by the court. *See* Opp'n, ECF No. 24.

---

[3] Respondent Albarran noted Respondent Borja's joinder in the oppositions, but counsel for Respondent Borja did not enter an appearance in this case until June 7, 2025. *See* ECF No. 19.

3

This case follows a similar case in the Northern District of Texas ("Texas case"). *See Xiong v. Trump*, No. 4:25-CV-00558-O (N.D. Tex. 2025). The procedural posture of that case is largely recited by both parties in the briefs, so the court will not detail it again here. *E.g.*, Am. Pet. at 6, ECF No. 5; Opp'n at 3-5, ECF No. 16. Relevant here, the Texas case was dismissed with prejudice for lack of jurisdiction on June 4, 2025. *See Xiong*, No. 4:25-CV-00558-O (N.D. Tex. June 4, 2025).[4]

## II. Legal Standards

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Counsel, Inc.*, 555 U.S. 7, 24 (2008); *see also* FED. R. CIV. P. 65 (providing requirements for the issuance of a temporary restraining order). The standard for issuing a temporary restraining order is the same as that for a preliminary injunction, the moving party must show: (1) "he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tip in his favor"; and (4) "that an injunction is in the public interest." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345-46 (2024) (quoting *Winter*, 555 U.S. at 20); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that, in the Ninth Circuit, preliminary injunctions are analyzed using a sliding scale approach, i.e., "a stronger showing of one element may offset a weaker showing of another"); *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418 (2009) (explaining that when the government is a party, "the balance of the equities and public interest factors merge")). Even though courts must generally consider all four of the *Winter* factors, a court need not proceed past the first factor if a movant fails to show a likelihood of success on

---

[4] The court notes that there is a discrepancy between the CM/ECF filing date and the date preceding Judge O'Connor's signature. *See* Opp'n at 16-7, ECF No. 16-7. The court refers to June 4, 2025, as the issue date throughout this Order.

the merits because it "is a threshold inquiry and is the most important factor." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (citations omitted).

Furthermore, under Federal Rule of Civil Procedure 23(a), a party seeking a class action must establish the following: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(1)-(4). These factors are referred to as "numerosity," "commonality," "typicality," and "adequacy." *E.g.*, *Arevalo v. Trump*, No. 5:25-cv-01207-JWH-PDx, 2025 WL 1554183, at *4 (C.D. Cal. May 2, 2025). The moving party must also establish one of the justifications for maintaining a class action as provided in Rule 23(b). *See* FED. R. CIV. P. 23(b).

**III. Discussion**

Petitioner moves for an emergency TRO to enjoin Respondents from removing him and the proposed class members from United States or the District of Guam under the AEA. Appl. at 3, ECF No. 6. Respondents argue, as in their response to Petitioner's motions in the Texas case, that Petitioner "seek[s] an order enjoining V.L. under the AEA, *despite knowing V.L.'s removal is under the INA*," and that the court lacks jurisdiction to hear this case for the same reason. Opp'n at 4, 11-13, ECF No. 16 (emphasis in original). Also, as in the Texas case, Respondents have "proffered evidence that Petitioner's removal is being effectuated under the [INA]," not the AEA. *Xiong*, 4:25-cv-00588-O (N.D. Tex. June 4, 2025); *see also Xiong*, 4:25-cv-00588-O (N.D. Tex. May 26, 2025). Respondents' evidence consists of: (1) documents confirming V.L.'s conviction in a California Superior Court from 1998; (2) notice from the Department of Homeland Security on February 27, 2018, that V.L. must appear for a hearing and show cause as to why he should not be removed from the United States for a violation of the INA; (3) the

5

immigration judge's order of Petitioner's removal on March 20, 2018; (4) a warning from DHS on April 19, 2025, regarding Petitioner's failure to depart from the United States; and (5) a notice to V.L. of file custody review on May 6, 2025. Opp'n at 4-11, ECF No. 16-1; Opp'n at 10-14, ECF No. 16-2. Petitioner does not address or rebut this evidence in his reply or during argument on the pending motions. *See* Reply, ECF No. 18. Instead, Petitioner reasserts his various contentions about the scope of habeas corpus jurisdiction, the President's authority, and the scope of presidential proclamations. *Id.* Ultimately, Petitioner contends, without evidence, that the Respondents' proffer is misleading as to the true reasons for V.L.'s removal. *Id.*

This court will not belabor what the Texas court has already explained to Petitioner in orders dated May 26, 2025, and June 4, 2025: Petitioner cannot show a likelihood of success on the merits because the court lacks jurisdiction to review his detention and removal under the INA. *E.g.*, *Xiong*, 4:25-cv-00588-O (N.D. Tex. June 4, 2025). Although habeas corpus is the proper avenue for a noncitizen to challenge his detention and removal under the AEA, *see Trump v. J.G.G.*, 604 U.S. ____, 145 S. Ct. 1003 (2025) (per curiam), *A.A.R.P. v. Trump*, 605 U.S. ____, 145 S. Ct. 1364, (2025) (per curiam), the evidence proffered by Respondents makes clear that Petitioner's removal is not based on the AEA but is, in fact, based on a violation of the INA. *See* Opp'n, ECF No. 16. The INA specifically provides that federal district courts do not have jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). And under 8 U.S.C. § 1252(a)(5), Petitioner is provided with the "[e]xclusive means of review" for challenging a removal order. The INA makes clear that Petitioner cannot challenge his removal thereunder through habeas corpus proceedings in district court absent a specific exception to do so, and Petitioner has not demonstrated, let alone identified, that such an exception applies here. Because

6

of this, Petitioner fails to show a likelihood of success on the merits, and the court need not proceed in its analysis of the remaining *Winter* factors in the absence of such a showing. *See Baird*, 81 F.4th at 1040. Therefore, the TRO Application is **DENIED**.

Furthermore, Petitioner's Motion for Class Certification is also defeated by the improper invocation of the AEA to challenge V.L.'s detention and removal under the INA. Specifically, Petitioner has failed to show commonality, typicality, and adequacy as prerequisites to certification.[5] Petitioner argues that commonality exists among the proposed class because the "single course of conduct" common to all members is "the unlawful detention, removal, disappearance, and extraordinary rendition of noncitizens under the AEA." Mem. at 10, ECF No. 7-1. Petitioner further contends that this common injury gives rise to "numerous questions . . . common to the proposed class"—all of which arise out of detention under the AEA. *Id.* However, as explained above, Respondents have shown that Petitioner cannot challenge V.L.'s detention and removal under the AEA because the determination of his removal was made under the INA. *See* Opp'n at 4-11, ECF No. 16-1; Opp'n at 10-12, ECF No. 16-2. Thus, Petitioner lacks the purported commonality with others who may be similarly situated—but remain unnamed. For this same reason, the court cannot now conclude that Petitioner's claims are representative of other proposed class members or that Petitioner can fairly and adequately represent their interests despite his inability to assert challenge to removal under the AEA. Therefore, the Motion for Class Certification is **DENIED**.

Finally, despite the court's efforts during the June 7, 2025 hearing to have Petitioner identify independent grounds for the court's jurisdiction under the INA, Petitioner ultimately agrees with Respondents: the claims asserted in the Amended Petition are predicated on

---

[5] Although Petitioner contends that he satisfies the numerosity prerequisite, the court has no evidence or otherwise credible statements before it to reach such a conclusion.

7

Petitioner's purported detention and removal under the AEA and the President's statements or proclamations made thereunder. As discussed above, this is contrary to the evidence provided and to the limitation of the court's jurisdiction under the INA. *See supra* at 5-6; *see also* 8 U.S.C. § 1252(a)(2). Therefore, the Amended Petition is **DISMISSED with prejudice**.

## IV. Stay Pending Appeal

Following the hearing on June 7, 2025, Petitioner moved for a stay of judgment or order pending appeal under Federal Rule of Appellate Procedure 8(a). Mot., ECF No. 21. Therein, Petitioner requests that the court keep its June 2 and June 3, 2025 orders in effect. *Id.*; *see also* ECF Nos. 8, 12. The only argument made in support of a stay is that "Petitioner is liable to be removed immediately from the District of Guam destroying the Court's ability to administer an appellate process." Mot., ECF No. 21. Respondent Albarran, joined by Respondent Borja, oppose the motion on several grounds, including that the motion is premature and fails to meet the appropriate legal standard. *See* Opp'n at 2-4, ECF No. 24.

The court agrees with Respondents that the Motion for Stay is premature. At the time the Motion for Stay was filed, the court had not ruled on the pending motions but had only indicated at the June 7, 2025 hearing that it was inclined to deny such motions. *See* Mins., ECF No. 20. There also has been no notice of appeal, as such notice would have been premature. *See* FED. R. APP. P. 4(a)(1)(A). Therefore, Petitioner "seeks a stay pending a possible appeal," and not a stay pending appeal. *E.g.*, *Quinones v. Chase Bank USA, N.A.*, No. 09cv2748-AJB(BGS), 2012 U.S. Dist. LEXIS 60774, at *4-5 (C.D. Cal. May 1, 2012); *see also In re Republic of Ecuador*, No. 11-cv-80171 CRB (NC), 2012 WL 13187177, at *1, 3 (N.D. Cal. Mar. 30, 2012); *Elec. Frontier Found. v. Off. of Dir. Of Nat'l Intell.*, No. C 08-01023 JSW, 2009 WL 10710750, at *1 (N.D. Cal. Oct. 7, 2009). Therefore, the Motion for Stay is **DENIED** as premature.[6]

---

[6] Even so, the court agrees that the Motion for Stay fails to meet the necessary legal standard. *See Hilton v.*

8

## V. Conclusion

For the foregoing reasons, Petitioner's TRO Application and Motion for Class Certification are **DENIED**. Furthermore, the Amended Petition is **DISMISSED with prejudice**, and the Motion for Stay is **DENIED** as premature.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Jun 09, 2025

---

*Braunskill*, 481 U.S. 770, 776 (1987) (requiring the court to evaluate: "(1) whether the stay applicant has made a strong showing that he is likely to success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies"). Should Petitioner decide to appeal and seek a stay from this court, he will have to meet this high burden. *See Elec. Frontier Found.*, 2009 WL 10710750, at *1.